IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

| | |
|---|---|
| SECRETARY OF LABOR, | : |
| *Plaintiff*, | : Case No. 1:17-cv-541 |
| vs. | : Judge Jeffery P. Hopkins |
| MACY'S, INC., *et al.*, | : |
| *Defendants*. | : |

# OPINION & ORDER

This is an action under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.*, in which the Secretary of Labor asserts claims relating to the Tobacco Surcharge Wellness Program established in Defendant Macy's Welfare Benefits Plans. For the reasons that follow, the Court **DENIES without prejudice to renewal** the Motion to Dismiss Count Eight of the Second Amended Complaint (Doc. 57), filed by Defendants Macy's, Inc., and Macy's Inc. Welfare Benefits Plans (Doc. 64).

I. BACKGROUND

This action presents claims by the Secretary of Labor against Macy's, Inc., ("Macy's") and Macy's Inc. Welfare Benefits Plans ("the Plans") regarding Defendants' allegedly discriminatory wellness program and alleged breach of fiduciary duty by Macy's, Inc., in connection with the Plans' Tobacco Surcharge Wellness Program ("TSWP"). Under the terms of that program, the Plans assessed a premium surcharge on employees and their dependents enrolled in company-sponsored medical coverage who had used tobacco products

1

within the previous consecutive six months. Doc. 57, ¶ 27, PageID 623. However, since 2011, the Plans' TSWP has also offered access to tobacco cessation programs. *Id*. at ¶ 28, PageID 623. The Secretary alleges that, in implementing the TSWP, Defendants operated a discriminatory wellness program violative of 29 U.S.C. § 1182 and the applicable implementing regulation, 29 C.F.R. § 2590.702(f), and that, in administering the program, Macy's acted in breach of its fiduciary duties under 29 U.S.C. § 1104(a)(1)(D).

By earlier Opinion and Order (Doc. 47), the Court held that the Secretary had sufficiently alleged, in Counts Five, Six, and Seven of the Amended Complaint (Doc. 4), plausible claims that the TSWP violated ERISA's statutory and regulatory requirements for wellness programs for Plan Years 2011-2013, but that, in Count Eight, which addresses Plan Years 2014 and following, the Secretary's "conclusory statement" failed to provide the "'who, what, where, when, how or why'" necessary to permit the claim to proceed. *Id*. at PageID 467 (quoting *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross and Blue Shield*, 552 F.3d 430, 437 (6th Cir. 2008)). However, the Court granted the Secretary leave to further amend the complaint to assert claims based on an allegedly discriminatory wellness program in order to "add sufficient factual detail to state a claim with respect to Plan Years 2014 and after, if he can." *Id*. at PageID 487.[1]

---

[1] The Court also dismissed, with prejudice, the Secretary's fiduciary claims against Macy's for Plan Years 2011-2013, reasoning that the Secretary's allegation that Macy's "implemented a discriminatory wellness program in accordance with the impermissibly discriminatory terms it established when it created the program" demonstrated only that Macy's had acted as a settlor, *i.e.*, as the plan sponsor in establishing or modifying the terms of the plan, rather than as a fiduciary. Doc. 47, PageID 489. *See Lockheed Corp. v. Spink*, 517 U.S. 882, 890 (1996) ("When the employer alters the terms of a plan, the employer is acting as a settlor rather than a fiduciary."). But the Court also granted the Secretary leave to amend the complaint to "properly plead a breach of fiduciary duty on the basis of more detailed factual allegations regarding Plan Years 2014 and following." Doc. 47, PageID 492. The Second Amended Complaint in fact asserts claims of breach of fiduciary duty on the part of Defendant Macy's. Doc. 57. The Court also dismissed with prejudice other Defendants and claims asserted in the Amended Complaint.Doc. 47. The Second Amended Complaint reasserts those claims "in order to have the dismissed claims and remaining claims in a single document in the event an appeal is taken." Doc. 57, PageID 619 n.

In Count Eight of the Second Amended Complaint (Doc. 57, ¶¶ 112-146, PageID 642-54), the Secretary alleges that the Plans' TSWP constituted an impermissible wellness program for "at least" Plan Years 2014 through 2016. The Secretary seeks, *inter alia*, injunctive relief prohibiting collection of the surcharge and requiring revision of the TSWP. *Id*. at PageID 654.

Defendants moved under Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss Count Eight for failure to state a claim for relief. Doc. 64. Among other arguments, Defendants specifically argued that the Secretary had failed to sufficiently allege non-compliance with ERISA and the Secretary's implementing regulation. *Id*., at PageID 681. In their Reply (Doc. 71), Defendants also briefly argued that, "to the extent the Secretary argues that a wellness program must create exceptions for tobacco cessation, the Secretary's regulation is arbitrary and capricious and contrary to Congress's command in ERISA § 702(b) that wellness programs must further "'health promotion and disease prevention.'" *Id*. at PageID 817 n.5.

In August 2024, *i.e.,* long after the Motion to Dismiss had been fully briefed, Defendants sought leave to supplement the record to address the impact of the United States Supreme Court's recent decision in *Loper Bright Enterprises v. Raimondo*, -- U.S. --, 144 S. Ct. 2244 (June 28, 2014), on the Secretary's claims. Doc. 73. In *Loper Bright*, the Supreme Court overruled its long-standing precedent, recognized in *Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 468 U.S. 837 (1984), that required judicial deference to a federal executive agency's regulation interpreting a Congressional statute. Over the Secretary's opposition, the

---

2. *See also* Notation Order of March 30, 2022 (granting Defendants Cigna's and Anthem's Motion to Extend Dismissal Order to Secretary's Second Amended Complaint).

Court granted that request, (Doc. 76), and the parties have now filed supplemental memoranda. Doc. 78; Doc. 79.

I.     LAW AND ANALYSIS

ERISA § 702(b)(1) prohibits discrimination among similarly situated enrollees in connection with premium contributions based on a health status-related factor:

> A group health plan . . . may not require any individual (as a condition of enrollment or continued enrollment under the plan) to pay a premium or contribution which is greater than such premium or contribution for a similarly situated individual enrolled in the plan on the basis of any health status-related factor in relation to the individual or to an individual enrolled under the plan as a dependent of the individual.

29 U.S.C. § 1182(b)(1). However, the statute goes on to provide that "[n]othing" in that paragraph shall be construed

> (B) to prevent a group health plan, and a health insurance issuer offering group health insurance coverage, from establishing premium discounts or rebates or modifying otherwise applicable copayments or deductibles in return for adherence to programs of health promotion and disease prevention.

29 U.S.C. § 1182(b)(2).

The Secretary's implementing regulation, 29 C.F.R. § 2590.702, initially effective in 2007 and revised in 2013, addresses the method by which participants in a health plan may avoid a premium surcharge "based on whether an individual has met the standards of a wellness program . . . ." 29 C.F.R. § 2590.702(c)(3). Both versions of the regulation require that wellness programs be "reasonably designed to promote health or prevent disease." 29 C.F.R. § 2590.702(f)(2)(ii) (2007); 29 C.F.R. § 2590.702(f)(4)(iii) (2013)). Under the 2007 version of the regulation, a "reasonably designed" program must offer a "reasonable alternative standard" for obtaining the reward for participants for whom "it is unreasonably difficult due to a medical condition to satisfy the otherwise applicable standard" or for whom

it is "medically inadvisable" to do so. 29 C.F.R. § 2590.702(f)(2)(iv)(a)(1) (2007). Under the 2013 version of the regulation, an "outcome-based wellness program" will be regarded as "reasonably designed" only if a "reasonable alternative standard" is provided to a participant who does not meet the initial outcome-based standard. 29 C.F.R. § 2590.702(f)(4)(iii) (2013). This version of the regulation expressly approves a program that "accommodates participants who smoke by facilitating their enrollment in a smoking cessation program" "regardless of whether the participant stops smoking." *Id*.

The Secretary takes the position that Defendants' TSWP does not qualify as a "reasonably designed" program because, *inter alia*, it requires that the smoker be smoke-free at the conclusion of the cessation program before the employee can qualify for a refund. In other words, the Secretary argues, requiring a smoke-free outcome is not a "reasonable alternative" to the standard of being a non-smoker.

Defendants now argue that, when evaluated after *Loper Bright*, the Secretary's regulation, which would require a premium refund to an employee even if the participant continues to smoke despite having participated in a smoking cessation program, is invalid because it is inconsistent with the statute, which requires "adherence to programs of health promotion and disease prevention." Doc. 78, PageID 922 (quoting ERISA § 702(b)(2), 29 U.S.C. § 1182(b)(2)).

> [A]s the federal government has elsewhere made clear in the tobacco cessation context, achieving health promotion and disease prevention requires the individual quit smoking. For tobacco cessation, adherence to the tobacco cessation wellness program, not mere participation, is the statutory touchstone.

*Id*.

5

The Secretary's supplemental memorandum, Doc. 77, does not address the substance of Defendants' current position, but instead presents two arguments in response. First, the Secretary argues that *Loper Bright* has no impact on the claims asserted in this action because the action generally, and Defendants' motion to dismiss in particular, address only Defendants' compliance with the Secretary's regulation, not the validity of the regulation. *Id*. at PageID 911. Thus, the Secretary contends, "*Auer* deference" controls. *Id*. at PageID 912-13 (citing *Auer v. Robbins*, 519 U.S. 452, 461 (1997) (instructing federal courts to defer to an agency's interpretation of its own regulation unless plainly erroneous or inconsistent with the regulation)). Second, the Secretary argues that the Court should not consider Defendants' *Loper Bright* argument because Defendants raised it for the first time only in a footnote in their reply in support of their motion to dismiss. *Id.* at PageID 920.

The Court concludes that Defendants' argument regarding the impact of the recent Supreme Court's holding in *Loper Bright* warrants full consideration by the parties and by this Court. Moreover, Defendants' failure to challenge the validity of the Secretary's regulation earlier in the litigation and in more robust fashion is understandable. *Chevron* had been in place for almost 40 years at the time Defendants filed their motion to dismiss, Doc. 64, and that motion was filed more than two years prior to the issuance of *Loper Bright,* which reflects a paradigm shift in litigation involving agency regulations. Indeed, one might have expressed surprise that Defendants raised a challenge to the validity of the regulation even in their reply memorandum. Significantly, Defendants did not tarry in calling attention to *Loper Bright*, which was issued mere weeks prior to their request for leave to supplement the record. In any event, arguments based on *Loper Bright* will surely require resolution at some point in this litigation—on summary judgment, if not on motion to dismiss.

It is true, as the Secretary observes, that an issue raised for the first time in a reply memorandum will not ordinarily be entertained by a court. *See, e.g., Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 553 (6th Cir. 2008); *Books A Million, Inc. v. H & N Enterprises, Inc.*, 140 F.Supp.2d 846, 859 (S.D. Ohio 2001) (citing *Aetna Cas. and Sur. Co. v. Leahey Const. Co., Inc.*, 219 F.3d 519, 545 (6th Cir. 2000)). However, that rule is based on the recognition that the opposing party does not ordinarily have an opportunity to respond to the issue raised. *Scottsdale Ins. Co.*, at 553 (citing *Novosteel SA v. United States*, 284 F.3d 1261, 1274 (Fed. Cir. 2002) ("Raising the issue for the first time in a reply brief does not suffice; reply briefs *reply* to arguments made in the response brief—they do not provide the moving party with a new opportunity to present yet another issue for the court's consideration."). However, where the usual unfairness to the non-moving party can be avoided or remedied, courts have, in the exercise of their discretion, entertained an issue or matter raised for the first time in a reply memorandum. *See, e.g., Thompson v. TransAm Trucking, Inc.*, 750 F.Supp.2d 871, 884 (S.D. Ohio 2010) (granting leave to file a surreply in order to address matter raised for first time in reply memorandum). The Court concludes that denying the pending motion to dismiss without prejudice to renewal in the form of a motion that addresses not only the issues raised in the pending motion but also the impact, if any, of *Loper Bright* will afford all parties—and the Court—the opportunity to fully and fairly address the significant issues presented in this litigation.

II. **CONCLUSION**

Accordingly, Doc. 64 is hereby **DENIED without prejudice to renewal** within 30 days from the date of this Order. The renewed motion to dismiss must be briefed in accordance with S.D. Ohio Civ. R. 7.2(a)(2).

**IT IS SO ORDERED.**

Dated:　September 26, 2024

Hon. Jeffery P. Hopkins
United States District Judge